IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL R. KAUFFMAN III,<br>    Plaintiff<br><br>    v.<br><br>DANIEL BARBAGELLO, et al.,<br>    Defendants | :<br>:<br>:    No. 13-cv-00659<br>:<br>:    (Judge Kane)<br>:    (Magistrate Judge Carlson)<br>:<br>: |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On October 8, 2015, Magistrate Judge Carlson issued a Report and Recommendation in which he recommends granting Defendant State Trooper James Bivens's motion for summary judgment on the basis of qualified immunity. (See Doc. No. 101.) In particular, in the course of the traffic stop and detention of Plaintiff that gave rise to this litigation, Defendant Bivens's co-defendant law enforcement officers are alleged to have conducted the initial traffic stop, taken Plaintiff into custody, brought him to a state police barracks where Defendant Bivens conducted a non-invasive drug screening, and brought Plaintiff to see mental health treatment at a local hospital after the screening. (Id. at 3-6.) Defendant Bivens is alleged only to have used specialized training to evaluate Plaintiff for the presence of drugs – an evaluation that indicated that Plaintiff was not under the influence of drugs. (Id.) Magistrate Judge Carlson found that Defendant Bivens's involvement in the underlying stop and detention was minimal and routine, so Defendant Bivens should be entitled to qualified immunity on Plaintiff's federal claims against him. (See id. at 19.)

Plaintiff has objected to the Report and Recommendations, arguing that: (1) Defendant Bivens violated Plaintiff's clearly established Fourth Amendment rights by detaining him pending his substance evaluation; and that (2) Defendant Bivens violated Plaintiff's clearly

1

established Fourth Amendment rights when he furthered and failed to intervene in his co-defendant officers' use of excessive force and unlawful detention.  (See Doc. No. 105 at 5-17.)

Defendant argues in opposition to Plaintiff's objections that Plaintiff has not included a claim for excessive force or failure to intervene in his amended complaint, so Plaintiff's objections as to those causes of action are without merit.  (Doc. No. 108 at 10-11) (citing Doc. No. 36).  The Court agrees.  As to Plaintiff's other objections, the Court finds that Magistrate Judge Carlson correctly and comprehensively addressed the substance of Plaintiff's objections in the Report and Recommendations itself.  (See e.g., Doc. No. 101 at 19) ("[N]othing could have alerted [Defendant Bivens] that, by examining [Plaintiff] and exonerating him of any illegal drug use, he had violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting Wilson v. Lane, 526 U.S. 603, 609 (1999)).  Accordingly, the Court will not write separately to address these objections.

**AND SO**, on this 15th day of March 2016, upon review of the record and the applicable law, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Carlson's Report and Recommendation (Doc. No. 101), is **ADOPTED** in full, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Bivens;

2. Defendant Bivens's motion for judgment on the pleadings (Doc. No. 61), is **GRANTED IN PART** as detailed in the Report and Recommendation;

3. Defendant's motion for leave to file a sur-reply brief (Doc. No. 110), is **DENIED AS MOOT**;

4. The Clerk of Court is directed to terminate Defendant Bivens from this lawsuit; and

5. This case is referred back to Magistrate Judge Carlson for further pre-trial management.

S/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania