IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL R. KAUFFMAN III, | : | |
|     Plaintiff | : | |
| | : | No. 13-cv-0659 |
| v. | : | |
| | : | (Judge Kane) |
| DANIEL BARBAGELLO, et al., | : | (Magistrate Judge Carlson) |
|     Defendants | : | |
| | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

    On March 16, 2016, Magistrate Judge Carlson issued a Report and Recommendation (Doc. No. 115), in which he recommends that the Court grant the remaining defendants' motion for summary judgment (Doc. No. 64), and close this case. Magistrate Judge Carlson based his recommendation on his finding that the remaining defendants, law enforcement officers who conducted an initial traffic stop of Plaintiff and subsequently detained him for a number of hours based on a fear that he posed a public safety risk, are entitled to qualified immunity because they did not violate Plaintiff's clearly established constitutional rights. (See Doc. No. 115.)

    Plaintiff has filed objections to the Report and Recommendation, arguing that (1) Magistrate Judge Carlson did not properly apply the standard for summary judgment because Magistrate Judge Carlson failed to consider certain differences in Plaintiff's account of events and Defendants' account; and that (2) Magistrate Judge Carlson erred by failing to consider Plaintiff's unreasonable search claim related to the officers' search of his person and personal effects.[1] (Doc. No. 116.)

---

[1] Plaintiff has argued that Magistrate Judge Carlson did not address Plaintiff's unlawful search claim stemming from the Defendant-Officers' roadside search of Plaintiff's bag. (Doc. No. 116 at 10-12.) The Report and Recommendation does not contain a detailed discussion of the law of unreasonable searches. (See Doc. No. 115.) However, Plaintiff's amended complaint only

1

The Court finds that Magistrate Judge Carlson correctly and comprehensively addressed the substance of Defendants' motion for summary judgment in his Report and Recommendation. The Court will not write separately to address Plaintiff's objections except as noted in the margin.

**AND NOW**, on this 31st day of March 2016, upon consideration of the parties' statements of material facts (Doc. Nos. 65, 82), the complete record, and the applicable law, **IT IS HEREBY ORDERED THAT**:

1. The Court adopts the Report and Recommendation of Magistrate Judge Carlson (Doc. No. 115);

2. Defendants' motion for summary judgment (Doc. No. 64), is **GRANTED**;

3. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims; and,

4. The Clerk of Court is directed to close this case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

brings Section 1983 claims based on Plaintiff's allegedly unlawful detention and does not include claims based on the search of his effects. (See Doc. No. 36 ¶¶ 88-109.) Indeed, Plaintiff's complaint alleges that Defendants asked to search Plaintiff's pockets before doing so, and otherwise the complaint makes no reference to a search. (See id. ¶¶ 20-21.) Even assuming that Plaintiff raised a claim for unreasonable search, qualified immunity extends to Section 1983 claims for searches allegedly conducted in violation of the Fourth Amendment. City and County of San Francisco v. Sheehan, 135 S.Ct. 1765, 1774 (2015). To the extent that Magistrate Judge Carlson does not explicitly address Plaintiff's clearly established federal right to be free from unlawful searches of his book bag, and to the extent that Plaintiff has raised such a claim, the Court is satisfied that Magistrate Judge Carlson's qualified immunity findings would apply with equal force to an unreasonable search claim .